UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LADONNA ANDREWS,

       Plaintiff,                             CASE NO. 05-70693
                                                HON. LAWRENCE P. ZATKOFF

v.

JOHN E. POTTER, Postmaster
General of the United States,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 31, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court upon Defendant's Motion for Summary Judgment (Docket # 22). Plaintiff, a *pro se* litigant, filed her response on December 29, 2006. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion will be GRANTED.

**II. BACKGROUND**

The relevant facts are not in dispute. This is an employment discrimination case in which Plaintiff alleges that she was discriminated against based on her alleged disability. (*See* Def.'s Ex.

1 ¶¶ 3, 4, 9.) Plaintiff is a retired postal employee who was injured in the course of employment in 1996. (*See* Def.'s Ex. 4; Ex. 5 ¶¶ 4, 22.) Thereafter, based on recommended work restrictions from Plaintiff's treating physician, the Postal Service granted Plaintiff limited duty status in order to accommodate her disability. (*See* Def.'s Ex. 7.) In 2002, Plaintiff sought a change in her work schedule so that she would be able to take her grandchildren to school. (*See* Def.'s Ex. 5 ¶ 7; Ex. 8.) Defendant denied this request because there was apparently no work available within Plaintiff's work restrictions during the hours she requested. (*See* Def.'s Ex. 10.)

Following this denial, Plaintiff filed an administrative complaint with the Postal Service alleging age and disability discrimination. (*See* Def.'s Ex. 1 ¶ 6.) On September 30, 2004, the Postal Service issued a Notice of Final Action which concluded that Plaintiff had not been discriminated against. (*See* Def.'s Ex. 3.) After receiving the Notice of Final Action, Plaintiff appealed the decision to the Equal Opportunity Employment Commission ("EEOC") on October 25, 2004. (*See* Def.'s Ex. 3.) However, before her appeal had been completed, Plaintiff filed the instant lawsuit on February 23, 2005. (*See* Docket # 1.)

### III.  LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c); *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists when there is "sufficient evidence favoring

the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## IV. ANALYSIS

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976). "There are two requirements for filing a Title VII action in federal court: (1) the complaint must be filed within the time allotted by Title VII, and (2) the complainant must have first exhausted her administrative remedies." *Tolbert v. U.S.*, 916 F.2d 245, 249 (5th Cir. 1990); *Askew v. Stone*, 81 F.3d 160 (6th Cir. 1996). The exhaustion requirement is a prerequisite to federal subject matter jurisdiction, and failure to comply with this requirement "wholly deprives the district court of jurisdiction over the case." *Tolbert*, 916 F.2d at 249; *Askew*, 81 F.3d 160. These procedural requirements are not to be taken lightly and "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law*." Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (*quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

Defendant argues that the Court lacks jurisdiction over this case because Plaintiff did not exhaust her administrative remedies. Defendant contends that once Plaintiff chose to appeal the Postal Service's administrative decision, she had to wait until a final decision from the EEOC or 180 days before she could commence an action in federal court. Since Plaintiff filed the present action prior to a final decision and within 180 days, she did not exhaust her administrative remedies and the Court does not have subject matter jurisdiction over the case.

Plaintiff received a Notice of Final Action finding no discrimination from the Postal Service on September 30, 2004. After this denial, Plaintiff had a choice on how to proceed: immediately filed her complaint with the Court or appeal the decision to the EEOC. *See* 29 C.F.R. § 1614.407. Plaintiff chose to appeal and timely filed with the EEOC on October 25, 2004. In cases where an agency's decision has been appealed to the EEOC, "[a] complainant ... is authorized under title VII ... and the Rehabilitation Act to file a civil action in an appropriate United States District Court ... [w]ithin 90 days of receipt of the [EEOC]'s final decision on appeal; or ... [a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the commission." 29 C.F.R. § 1614.407. *See also* 42 U.S.C. § 2000e-16(c).

Since Plaintiff chose to appeal the Postal Service's decision, she was required to wait for the EEOC's final decision or 180 days from October 25, 2004, before she could file a suit in federal court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(d); *Tolbert*, 916 F.2d at 248; *Askew*, 81 F.3d 160. Rather than waiting, Plaintiff filed her complaint with the Court on February 23, 2005, which by the Court's calculation is 121 days after she filed her appeal with the EEOC. Since the EEOC has not made a final decision and Plaintiff did not wait 180 days as required, she did not exhaust her administrative remedies. *See Tolbert*, 916 F.2d at 248 (stating "that anyone who files too early, has, by definition, filed before she has exhausted her administrative remedies ...."). As a result, the Court does not have subject matter jurisdiction over her claim and must dismiss her case.

The fact that the 180 period has since passed does not remedy Plaintiff's situation. *See id.* at 249 (finding that the EEOC's subsequent issuance of a decision did not cure the fact that the plaintiff filed her complaint too early). Plaintiff chose to abandon the administrative process prior to the expiration of the 180 day waiting period and to allow her to proceed with her complaint at this

point would undermine the purpose of the exhaustion requirements by allowing plaintiffs to completely circumvent administrative processes. *See id.* The Court concludes that no extraordinary circumstances exist in this case that would otherwise justify dispensing with the statutory time periods. *See Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000). Therefore, Defendant is entitled to summary judgment.

## V.  CONCLUSION

The relevant facts are not in dispute. There is no question of fact that Plaintiff filed her complaint with the Court less than 180 days after appealing the Postal Service's final agency decision. As a result, Plaintiff did not exhaust her administrative remedies and, consequently, the Court does not have subject matter jurisdiction over this case. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's complaint is HEREBY DISMISSED.

IT IS FURTHER ORDERED that all outstanding motions are DENIED.

IT IS SO ORDERED.


        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 31, 2007.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290